UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WESLEY S. ANGLIN                                                                                      PETITIONER

v.                                                                                            CIVIL ACTION NO. 3:11CV-P406-M

KENTUCKY'S GOVERNMENTAL BRANCHS/
ARTIFICIAL CITIZENS                                                         RESPONDENTS

**MEMORANDUM OPINION**

      Unrepresented by counsel, Petitioner Wesley S. Anglin filed a document styled, "Petition for Declaration of Rights and Writ of Habeas Corpus."

      Anglin seeks a declaration of rights pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1331 and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Section 2201 (the Declaratory Judgment Act) is an "enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant" to have a case heard in federal court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). It does not provide an independent basis for federal jurisdiction. *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles Cnty., Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992) (per curiam). Before invoking the Declaratory Judgment Act, a federal court must "have jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). In short, Anglin cannot invoke the Declaratory Judgment Act as the basis of this Court's jurisdiction.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has original jurisdiction over petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

In the petition, Anglin alleges that an unfair and unconstitutional trial took place in Breckinridge Circuit Court (No. 09-CR-00057) "due to it being governed by KRS 532.055[1] which has been held as a violation of the Constitutional's Separation of Powers Doctrine." Although he brings his habeas petition pursuant to § 2241, because he is now "in custody pursuant to the *judgment* of a State court," 28 U.S.C. § 2254 (emphasis added), his petition is more properly characterized as one under § 2254.[2] *See Rittenberry v. Morgan*, 468 F.3d 331 (6th Cir. 2006).

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional

---

[1] Section 532.055 pertains to verdicts and sentencing by jury in felony cases.

[2] Normally, the Court would not recharacterize a document as a § 2254 petition without providing notice to a petitioner, giving him an opportunity to amend or withdraw the petition, and warning him of the restrictions on filing second or successive petitions. *See Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004) (requiring notice). However, because Anglin has failed to exhaust available state-court remedies, the current § 2254 petition is premature and will be dismissed without prejudice to filing a subsequent § 2254 petition.

issues by invoking one complete round of the State's established appellate review process." *Id.* The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Anglin alleges that he has exhausted his remedies. He states, "The Petitioner has notified the Breckinridge Circuit Court, Kentucky Court of Appeals, and Kentucky Supreme Court as of the unconstitutionality of KRS 532.055 as provided in his appeal case in which this court has yet to assign a case number." A review of the Kentucky Court of Appeal's docket sheet, however, reveals that Anglin's direct appeal of his Breckinridge Circuit Court conviction is still pending in that appellate court. *See* No. 2011-CA-000985. Consequently, as a matter of comity, this Court will not consider his habeas petition given that he has not exhausted his available state-court remedies. *See Newcomb v. Bordenkircher*, 602 F.2d 128 (6th Cir. 1979).

For these reasons, the petition must be dismissed to allow the state courts to have the first opportunity to address the constitutional challenges Anglin now raises.

Before Anglin may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong. Thus, a certificate of appealability must be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:


cc:     Petitioner, *pro se*
4414.005